IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

ELIZABETH DEVORA GALINDO,

      Petitioner,

v.

                                  2:26-CV-080-Z
                                  (2:24-CR-069-Z-BR-1)

UNITED STATES OF AMERICA,

      Respondent.

## MEMORANDUM OPINION AND ORDER

Petitioner Elizabeth Devora Galindo ("Galindo") filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. Section 2255 by a person in federal custody. ECF No. 2. Having considered the motion, the record and applicable authorities, the Court summarily **DENIES** the motion for the reasons stated below.[1]

### BACKGROUND

The record in Galindo's underlying criminal case, No. 2:24-CR-069-Z-BR-1 (the "CR"), shows the following:

On February 3, 2025, Galindo pleaded guilty to one count of Possession with Intent to Distribute Methamphetamine and Aiding and Abetting, in violation of 21 U.S.C. Sections 841(a)(1) and (b)(1)(C) and 18 U.S.C. Section 2. CR ECF Nos. 23, 28. On June 10, 2025, the Court sentenced Galindo to 240 months of imprisonment, followed by three years of supervised release. CR ECF No. 37. Judgment was entered on June 11, 2025. CR ECF No. 40. The Fifth Circuit Court of Appeals dismissed Galindo's appeal as frivolous on January 21, 2026. CR ECF No. 50.

---

[1]*See* Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS ("If it plainly appears from the motion and any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.").

On April 7, 2026, Galindo timely filed this motion, asserting that her trial counsel was ineffective. CR ECF No. 52 at 8. Her motion states only that counsel "[d]id not ever really talk to me about my case" and that he "just [kept] throwing years at me [without] explaining them." *Id.* at 3. Because the motion was devoid of factual support for her allegation, the Court ordered Galindo to amend her motion to provide facts supporting her claim by May 22, 2026. ECF No. 3. Galindo failed to respond. As a result, the Court will consider Galindo's motion as filed.

STANDARD OF REVIEW

After conviction and exhaustion or waiver of a defendant's right to appeal, courts are entitled to presume that the defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164–65 (1982); *United States v. Shaid*, 937 F.2d 228, 231–32 (5th Cir. 1991) (same). A defendant can challenge his conviction or sentence after it is presumed final only on issues of constitutional or jurisdictional magnitude, and may not raise an issue for the first time on collateral review without showing both cause for his procedural default and actual prejudice resulting from the errors. *Id.* at 232.

Section 2255 does not offer recourse to all who suffer trial errors. "[A]n error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment." *United States v. Addonizio*, 442 U.S. 178, 184 (1979). Section 2255 is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would result, if condoned, in a complete miscarriage of justice. *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues are raised and considered on direct appeal, a defendant is thereafter precluded from

2

urging the same issues in a later collateral attack. *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517–18 (5th Cir. 1978)).

Section 2255 motions do not automatically require a hearing. *United States v. Hughes*, 635 F.2d 449, 451 (5th Cir. Unit B Jan. 1981); *see also* Rule 8 of the Rules Governing Section 2255 Proceedings. "When the files and records of a case make manifest the lack of merit of a Section 2255 claim, the trial court is not required to hold an evidentiary hearing." *Hughes*, 635 F.2d at 451. A prisoner is not entitled to an evidentiary hearing unless he or she "presents 'independent indicia of the likely merit of [her] allegations.'" *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013). The Court has reviewed the record and concluded that an evidentiary hearing is not necessary because the record categorically refutes Galindo's claims, as set forth below.

ANALYSIS

To prevail on an ineffective assistance of counsel claim, a movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Id.*; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000) ("Failure to meet either the deficient performance prong or the prejudice prong will defeat a claim for ineffective assistance of counsel."). Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

"Surmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010). The likelihood of a different result "must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential, and the movant must overcome a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689.

Galindo argues that her counsel was ineffective because counsel "[d]id not ever really talk to me about my case" and that he "just [kept] throwing years at me [without] explaining them." ECF No. 2 at 3. The Court will construe this as a complaint that Galindo did not understand the consequences of her guilty plea and, as a result, she alleges that her plea was not knowing and voluntary.

A guilty plea must be knowingly, voluntarily, and intelligently made to be constitutionally valid. *See United States v. Ruiz*, 536 U.S. 622, 629 (2002); *United States v. Hernandez*, 234 F.3d 252, 254–55 (5th Cir. 2000). "The voluntariness of a plea is determined by 'considering all of the relevant circumstances surrounding it.'" *Fisher v. Wainwright*, 584 F.2d 691, 693 (5th Cir. 1978) (quoting *Brady v. United States*, 397 U.S. 742, 749 (1970)); *United States v. Washington*, 480 F.3d 309, 315 (5th Cir. 2007). "If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea ... will be upheld on federal review." *Frank v. Blackburn*, 646 F.2d 873, 882 (5th Cir. 1980), *modified on other grounds*, 646 F.2d 902 (5th Cir. 1981).

4

Galindo's written plea agreement represented that her guilty plea was "freely and voluntarily made," and, additionally, she swore under oath in open court that her plea was voluntary. *See* CR ECF No. 23; CR ECF No. 48 at 12. Specifically, the plea agreement signed by Galindo states:

> This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

CR ECF No. 23 at 7. In addition, Galindo testified in open court that no one threatened her, forced her to plead guilty or promised her anything not contained in the plea agreement. CR ECF No. 48 at 11–12. The record further shows that Galindo never attempted to withdraw her guilty plea, which also indicates that her plea was knowing and voluntary. Galindo's solemn declarations in open court establish her mindset at the time of the plea. *United States v. Valdez*, 973 F.3d 396, 405–06 (5th Cir. 2020).

The second question before the Court, whether Galindo had a realistic understanding of the consequences of her guilty plea, means that the Court must determine whether she knew "the immediate and automatic consequences of that plea such as the maximum sentence length or fine." *Duke v. Cockrell*, 292 F.3d 414, 417 (5th Cir. 2002). Galindo testified in open court that she understood the maximum sentence she faced by pleading guilty:

> THE COURT: At this point in the hearing[,] I need to make certain that you understand what the possible penalties and consequences are if there is a conviction on this offense found in Count Two of the Indictment. These were listed out for you within Paragraph 3 of that Plea Agreement you have signed. However, the Government's attorney will read those out loud for us. Once that's done, I'll ask you if you understand.
>
> MS. BELL: The penalties the Court can impose include:
>
> Imprisonment for a period not to exceed 20 years;
>
> A fine not to exceed one million dollars, or twice the money gained to the Defendant or twice the money lost to any victim;

A term of supervised release of not less than three years, nor more than life;

A Mandatory Special Assessment of $100;

Restitution to victims or to the community;

The Defendant to pay the costs of incarceration and supervision; and

The forfeiture of any property listed in the Plea Agreement.

THE COURT: Having heard all of those possible penalties and consequences being read out loud, do you understand those?

THE DEFENDANT: Yes, ma'am.

CR ECF No. 48 at 15. The record clearly shows that the magistrate judge notified Galindo of her potential maximum sentence and fine, and that Galindo stated that she understood. Galindo's solemn declarations in open court are entitled to a presumption of truth. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *see also United States v. McKnight*, 570 F.3d 641, 649 (5th Cir. 2009) ("Solemn declarations in open court carry a strong presumption of verity.") (internal quotation omitted). Likewise, her plea agreement and factual resume are entitled to the same presumption. *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985). Galindo's motion fails to overcome her declarations under oath that she understood the charges against her and knew that the Court could impose a sentence up to 240 months. CR ECF No. 48 at 15. Galindo's guilty plea was undisputedly knowing and voluntary. As a result, her claim that counsel was ineffective for failing to explain the consequences of her guilty plea fails.

For the reasons stated above, Galindo's motion to vacate is **DENIED** with prejudice.

**SO ORDERED.**

July **23**, 2026

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

6